09-4247-ag
Ahmed v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: Wednesday, September 29, 2010          Decided: Wednesday, October 27, 2010)

Docket No. 09-4247-ag

GAMAL AHMED MOHAMED AHMED,

*Petitioner*,

v.

ERIC J. HOLDER, JR., Attorney General of the United States,

*Respondent.*

Before: JACOBS, *Chief Judge,* FEINBERG and CABRANES, *Circuit Judges.*

Petition for review of a final order of removal entered by the Board of Immigration Appeals on September 29, 2009. We hold that we lack jurisdiction to review the BIA's discretionary denial of an alien's application for a waiver of inadmissibility under INA § 237(a)(1)(H). We also hold that the BIA did not abuse its discretion in denying petitioner's equitable estoppel claim, and that it did not abuse its discretion in declining to require the IJ to hold a third evidentiary hearing regarding petitioner's waiver application.

The petition is dismissed for want of jurisdiction to the extent that it challenges the discretionary denial of a waiver under § 237(a)(1)(H), and is denied insofar as it challenges other aspects of the BIA's decision dismissing petitioner's appeal from the IJ's denial of his application for a waiver of inadmissibility.

1

Robert D. Kolken, Kolken & Kolken (Julie Kruger, *on the brief*), Buffalo, NY, *for petitioner.*

JEFFREY L. MENKIN, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General, and Christopher C. Fuller, Senior Litigation Counsel, *on the brief*), Washington, D.C., *for respondent.*

PER CURIAM:

Gamal Ahmed Mohamed Ahmed[1] ("petitioner" or "Ahmed") petitions for review of a September 29, 2009 order of the Board of Immigration Appeals ("BIA") denying his request for a waiver of inadmissibility under § 237(a)(1)(H) of the Immigration and Nationality Act ("INA").[2] 8 U.S.C. § 1227(a)(1)(H). Ahmed argues that the BIA's decision to deny him a waiver of inadmissibility was unsupported by substantial evidence; that the BIA abused its discretion in denying his equitable estoppel claim; and that the BIA abused its discretion in holding that the Immigration Judge ("IJ") did not err when he declined to conduct a third evidentiary hearing.

Our holding here is clearly dictated by the applicable INA provision and has already been adopted by three other sister Courts of Appeals, though not yet by our own Court—namely, that we lack jurisdiction to review the BIA's discretionary denial of a waiver of inadmissibity under § 237(a)(1)(H). Accordingly, we dismiss the petition for review for want of jurisdiction to the extent

---

[1] Petitioner's name alternately appears as Gamal Mohamed Ahmed Ahmed.

[2] Section 237(a)(1)(H) of the INA provides, in relevant part:

> The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i) of this title, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien . . . who—

> (i)(II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission except for those grounds of inadmissibility . . . which were a direct result of . . . fraud or misrepresentation.

8 U.S.C. § 1227(a)(1)(H) (emphasis added).

that it challenges the discretionary denial of a waiver under § 237(a)(1)(H). We furthermore deny the remaining portions of the petition for review insofar as they challenge other aspects of the BIA's decision dismissing petitioner's appeal from the IJ's denial of his application for a waiver of inadmissibility.

## BACKGROUND

On January 8, 1991, Ahmed, a citizen of Yemen, appeared at the United States Embassy in Yemen for an interview regarding his application for an immigrant visa as the unmarried son of a United States citizen. He was issued the visa later that day. On January 15, 1991, while still in Yemen, Ahmed entered into a marriage. On February 22, 1991, he appeared at the New York port of entry and was admitted under the visa granted to him as an unmarried son of a U.S. citizen.

More than five years later, on October 10, 1996, Ahmed filed an application for naturalization. During the resulting investigation, the government learned of his Yemeni marriage.

On November 25, 1997, the INS served Ahmed with a Notice to Appear alleging that he had procured his visa by fraud and was therefore inadmissible under INA § 212(a)(6)(C)(i);[3] the Notice, moreover, alleged that he was not in possession of a valid unexpired immigrant visa and was therefore inadmissible under INA § 212(a)(7)(A)(i).[4] The government subsequently dropped the

---

[3] Section 212(a)(6)(C)(i) of the INA provides:

> Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible.

8 U.S.C. § 1182(a)(6)(C)(i).

[4] Section 212(a)(7)(A)(i) of the INA provides, in relevant part:

> [Any immigrant at the time of application for admission] who is not in possession of a valid unexpired immigrant visa . . . is inadmissible.

8 U.S.C. § 1182(a)(7)(A)(i).

3

charge involving visa procurement by fraud.

In response, Ahmed applied for a § 237(a)(1)(H) waiver, *see* note 2 *ante*, which the IJ denied in the exercise of discretion. At this time, Ahmed appealed to the BIA, which held that he was statutorily ineligible for a § 237(a)(1)(H) waiver because the government had dropped the charge of inadmissibility involving visa procurement by fraud. The BIA remanded the case, however, for a determination as to whether he was eligible for a waiver under INA § 212(k),[5] which governs waivers for failure to possess a valid unexpired visa. On May 19, 2003, the government reinstated the charge involving procurement by fraud.

On August 24, 2004, the IJ determined that petitioner was ineligible for a § 212(k) waiver because he knew or should have known that he was ineligible for admission due to his marriage. The BIA upheld that determination on January 17, 2006, and petitioner sought review in our Court.

On August 29, 2007, we vacated all prior judgments of the BIA and the IJ with respect to Ahmed's applications for waivers of inadmissibility and remanded to the BIA with instructions to remand, in turn, to the IJ pursuant to a "Stipulation and Order of Settlement and Dismissal" entered into by the parties on June 29, 2007. Under the stipulation, the IJ was directed to examine: (1) whether petitioner was eligible for a § 237(a)(1)(H) waiver of the fraud charge in light of *In re Guang Li Fu*, 23 I. & N. Dec. 985 (BIA 2006); (2) whether petitioner was eligible for a

---

[5] Section 212(k) of the INA provides, in relevant part:

> Any alien, inadmissible from the United States under paragraph (5)(A) or (7)(A)(i) of subsection (a) of this section, who is in possession of an immigrant visa may, if otherwise admissible, be admitted in the discretion of the Attorney General if the Attorney General is satisfied that inadmissibility was not known to, and could not have been ascertained by the exercise of reasonable diligence by, the immigrant before the time of departure of the vessel or aircraft from the last port outside the United States and outside foreign contiguous territory . . . .

8 U.S.C. § 1182(k).

§ 212(k) waiver of the expired visa charge; and (3) whether petitioner merited either waiver in the exercise of the IJ's discretion.

On September 10, 2008, the IJ heard arguments regarding the issues on remand. On December 1, 2008, the IJ issued a decision in which he held that Ahmed was ineligible for a § 212(k) waiver. The IJ ruled in the alternative (if one assumed, for the sake of argument, that he *was* eligible for consideration of a waiver under § 212(k)), that Ahmed did not merit a favorable exercise of discretion under § 212(k) because his business was engaged in (1) "multiple types of criminal behavior" and because (2) he was "serious[ly] derelict[ ]" in providing support for his children. Finally, the IJ held that Ahmed was statutorily eligible for a § 237(a)(1)(H) waiver, but that he did not merit a favorable exercise of discretion for those same two reasons. On September 29, 2009, the BIA affirmed the IJ's decision and dismissed Ahmed's application for a waiver of inadmissibility.

On October 14, 2009, Ahmed filed a timely petition for review with our Court.

## DISCUSSION

### A.

Issues not briefed on appeal are considered abandoned. *See Norton v. Sam's Club, Inc.*, 145 F.3d 114, 117 (2d Cir. 1998). On appeal from the BIA, Ahmed makes no claim regarding the denial of his application for a waiver of inadmissibility under § 212(k). Accordingly, he has abandoned any challenge to that ruling.

### B.

Ahmed claims the BIA abused its discretion because, among other things, its denial of his § 237(a)(1)(H) waiver was "not supported by reasonable, substantial, and probative evidence in the

5

record" and did not reflect a proper balancing of the positive and negative factors bearing on his request.

Our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(B)(ii), which provides, in relevant part: "[N]o court shall have jurisdiction to review . . . any [ ] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under [Title II of the INA] to be in the discretion of the Attorney General or the Secretary of Homeland Security."  Ahmed sought relief from removal under § 237(a)(1)(H), a provision contained within Title II of the INA that expressly commits to the discretion of the Attorney General the decision of whether to waive removal.  Not surprisingly, the three other Courts of Appeals faced with this question have all found that a waiver of inadmissibility under § 237(a)(1)(H) unambiguously falls within the jurisdiction-stripping provision of § 1252(a)(2)(B)(ii).  *See Zajanckauskas v. Holder*, 611 F.3d 87, 89-90 (1st Cir. 2010) (finding no jurisdiction to review the discretionary denial of a waiver of inadmissibility under § 237(a)(1)(H)); *Singh v. Gonzales*, 451 F.3d 400, 410-11 (6th Cir. 2006) (same); *San Pedro v. Ashcroft*, 395 F.3d 1156, 1157-58 (9th Cir. 2005) (same).

We have never addressed the question of our jurisdiction over the discretionary denial of a § 237(a)(1)(H) waiver, but we have held that we lack jurisdiction to review denials of other, similar discretionary waivers, such as § 212(c) and § 212(d)(11) waivers, which are governed by the same § 1252(a)(2)(B)(ii) jurisdictional provision.  *See Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505-06 (2d Cir. 2006) (finding no jurisdiction over a discretionary denial of a § 212(c) waiver); *Saloum v. U.S.C.I.S.*, 437 F.3d 238, 242-43 (2d Cir. 2006) (finding no jurisdiction over a discretionary denial of a § 212(d)(11) waiver); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 (2d Cir. 2006) ("Because the REAL ID Act only provides us with jurisdiction to review constitutional claims or matters of statutory construction, we remain deprived of jurisdiction to review discretionary . . .

6

determinations [by the BIA or IJ].").  In those cases, we found that the plain text of 8 U.S.C. § 1252(a)(2)(B)(ii) prohibited our exercise of jurisdiction.  We see no reason to find otherwise in the instant case, which involves a different category of waiver—specifically, a waiver for procurement of a visa by fraud—but that, like those other waivers, is one "specified . . . to be in the discretion of the Attorney General."  8 U.S.C. § 1252(a)(2)(B)(ii).  Accordingly, we hold that § 1252(a)(2)(B)(ii) prohibits our review of a discretionary denial of an application for a § 237(a)(1)(H) waiver.

We may, of course, review Ahmed's petition if it raises "colorable constitutional claims or questions of law."  *Bugayong v. INS*, 442 F.3d 67, 68 (2d Cir. 2006) (quotation marks omitted).  Here, Ahmed's challenge is best characterized not as a "question of law," but rather, as a disagreement with the outcome of a lawful exercise of discretion.  This portion of Ahmed's petition is therefore dismissed for want of jurisdiction.

## C.

Ahmed also argues that the BIA erred in declining to exercise its equitable authority to withhold removal.  Specifically, he claims that it would be a manifest injustice for the government to enforce the terms of his visa and remove him from the United States, because (1) the consular officer who issued the visa did not warn Ahmed, as required by State Department regulations, that he would have to remain unmarried until he entered the United States, and (2) the consular officer did not require him to sign a Statement of Marriageable Age.  The government responds that Ahmed did not demonstrate the sort of affirmative misconduct by government actors that is necessary to satisfy the heavy burden of proof upon those claiming estoppel against the government.

We assume, without deciding, that we have jurisdiction to review this equitable estoppel claim.  As discussed in Part B, *ante*, we normally lack jurisdiction to review decisions committed by

7

statute to the discretion of the Attorney General. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Because the relief Ahmed seeks is equitable, however, the government expressly asserts in its brief that the jurisdictional bar does not attach. Nevertheless, we may not exercise jurisdiction that we otherwise lack simply because the parties will allow it. *See United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) ("Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute. . . . Litigants, therefore, cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they fail to challenge jurisdiction early in the proceedings.") (citations and quotation marks omitted).

Neither the petitioner (who assumes we have jurisdiction without briefing the issue) nor the government cite any authority for the proposition that we have jurisdiction over this claim, and we are unable to locate any binding authority on point. We need not reach this question here, however, because we find Ahmed's equitable estoppel claim unpersuasive on the merits. Consequently, we decline to decide the question of our jurisdiction over equitable estoppel claims in the context of discretionary denials of waivers of inadmissibility until an occasion when the relevant arguments are adequately developed in the record, and we dispose of the instant case by assuming, without deciding, that we may exercise jurisdiction over Ahmed's claim. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006) ("Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is . . . plainly without merit.").

Turning to the merits of petitioner's argument, we review the BIA's denial of the equitable estoppel claim for abuse of discretion. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 607 (2d

8

Cir. 2007); *see also Mahabir v. Ashcroft*, 387 F.3d 32, 36 (1st Cir. 2004). In support of his challenge on appeal, Ahmed relies on our decision in *Corniel-Rodriguez v. INS*, 532 F.2d 301 (2d Cir. 1976). The petitioner in *Corniel-Rodriguez* was a native of the Dominican Republic and an unmarried daughter of a U.S. permanent resident. *Id.* at 302. When the petitioner was nineteen years old, she applied for, and was issued, an immigrant visa as the unmarried minor child of a U.S. "special immigrant." *Id.* at 303. She was never advised by the consular officer, either orally or in writing, that she needed to remain unmarried in order to satisfy the requirements of her visa, nor was a Statement of Marriageable Age found in her file. *Id.* at 306-07. Shortly before the petitioner sought to enter the United States, she married. *Id.* at 304.

On appeal from an order of deportation, we held that the consular official's conduct was misleading, prejudicial, and manifestly unjust. *Id.* at 306-07. According to the petitioner in *Corniel-Rodriguez*, she would have postponed her wedding for three days and entered the United States in compliance with the terms of the visa if she had been informed of the effect of the marriage on her admissibility. *Id.* at 304. Such a postponement of the wedding, the INS conceded, would have been lawful and would not have rendered her deportable. *Id.* Because we considered this an "unintentional injustice[ ] . . . visited upon [a] naive albeit honest alien," we reversed the order of deportation. *Id.*

The doctrine of equitable estoppel against the government has narrowed substantially since *Corniel-Rodriguez, see, e.g., INS v. Miranda,* 459 U.S. 14, 18 (1982) (stating that negligent conduct is an insufficient basis for an estoppel claim against the government); *Drozd v. INS*, 155 F.3d 81, 90 (2d Cir. 1998) ("The doctrine of equitable estoppel is not available against the government except in the most serious of circumstances . . . and is applied with the utmost caution and restraint.") (quotation marks and citation omitted), but quite apart from those changes, Ahmed's case is distinguishable

9

from *Corniel-Rodriguez*. Unlike the petitioner in *Corniel-Rodriguez*, whose claims were considered credible and were supported by other evidence,[6] Ahmed introduced no evidence to support his claims beyond his own testimony, which itself was inconsistent and, most relevantly, not credited by the IJ.

For example, at his first evidentiary hearing in June 2000, Ahmed admitted that he knew he had to be unmarried in order to "have this visa." He also stated that he could not remember whether the consular officer in Yemen asked him if he was married and conceded "they may have asked me that." At Ahmed's second evidentiary hearing in August 2004, his story changed. At that time, he purported to have a more detailed memory of his consular interview. He also asserted that he had not learned that his visa was associated with his marital status until after he was already in the United States.

Other aspects of the hearings further support the IJ's finding that Ahmed was not a credible witness. For instance, he conceded at the June 2000 hearing that he had falsely claimed on his visa application that he was a student. The hearings also revealed that he falsely listed himself as "single" on his United States tax returns. Indeed, at the second evidentiary hearing in August 2004, the IJ found that Ahmed "had a propensity for not telling the truth." In light of these incidents, we cannot say that the IJ's findings were clearly erroneous or lacked support in the record.

Under the circumstances, the BIA did not abuse its discretion in refusing to hold that the government was estopped from removing Ahmed. The IJ had received two different versions of the facts from Ahmed and was not required to credit the newer version over the older one.

---

[6] In *Corniel-Rodriguez*, the government stipulated that the petitioner's mother, who was present at the consular interview, would have testified that the petitioner was given no notice about the legal effects of her marital status. *See* 532 F.3d at 304.

10

Furthermore, Ahmed offered no evidence to corroborate either of his differing accounts. The BIA acted reasonably in concluding that Ahmed failed to demonstrate that removal would be manifestly unjust, and, therefore, our decision in *Corniel-Rodriguez* is not controlling.

## D.

Finally, Ahmed claims that the IJ should have convened a third evidentiary hearing, after we remanded the cause to the BIA with instructions to remand to the IJ (pursuant to the "Stipulation and Order of Settlement and Dismissal" entered into by the parties). Ahmed's argument is without merit.

Under INA § 240(b)(4)(B),[7] an alien must be afforded a "reasonable" opportunity to present evidence on his own behalf. 8 U.S.C. § 1229a(b)(4)(B); *see also Augustin v. Sava*, 735 F.2d 32, 36 (2d Cir. 1984) ("[A]n alien who seeks entry is entitled to a hearing before an Immigration Judge on the validity of his application. At the hearing the alien has the right to present evidence, to cross-examine witnesses, and to examine and object to evidence offered against him."). Decisions regarding the appropriate conduct of a hearing and the submission of evidence are committed to the discretion of the immigration judge. *See* 8 C.F.R. § 1240.1(c).

At the time Ahmed's case was remanded by the BIA to the IJ, the IJ had already held two evidentiary hearings—one in June 2000, the other in August 2004—regarding Ahmed's eligibility for the waivers at issue. Moreover, as part of the Stipulation and Order, Ahmed had affirmatively

---

[7] Section 240(b)(4)(B) of the INA provides, in relevant part:

> [T]he alien shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government . . . .

8 U.S.C. § 1229a(b)(4)(B).

11

stipulated that the remand did not include "any requirement to conduct a further evidentiary hearing" and that the decision on his § 237(a)(1)(H) waiver could be made "after consideration of the evidence in the record." Despite these stipulations, the IJ, as a matter of grace, permitted Ahmed to offer over 150 pages of additional documentary evidence, which the IJ considered in its decision and which the BIA reviewed *de novo* on appeal. Accordingly, Ahmed was not denied a reasonable opportunity to present evidence in the course of his immigration proceedings, and the BIA did not abuse its discretion in reaching the same conclusion.

## CONCLUSION

We have considered all of Ahmed's arguments and find them to be without merit. The petition for review is **DISMISSED** for want of jurisdiction to the extent that it challenges the denial of a discretionary waiver under INA § 237(a)(1)(H), and petitioner's remaining claims regarding equitable estoppel and the opportunity to present evidence are **DENIED**. As we have completed our review, the pending motion for a stay of removal in this petition is **DISMISSED**.

12