# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60815
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2014

Lyle W. Cayce
Clerk

BOLIVAR ENRIQUE DEXTA, also known as Bolivar Dexta,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 641 763

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bolivar Enrique Dexta petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) order of removal. Dexta entered the United States as a lawful permanent resident in 1994 and was ordered removed after having been convicted of an aggravated felony. In its order dismissing Dexta's appeal, the BIA rejected

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60815

Dexta's assertion that the Government should be equitably estopped from removing him.

Dexta asserts that the Department of Homeland Security (DHS) committed affirmative misconduct by failing to warn him that he could be removed for an aggravated felony conviction despite his status as a lawful permanent resident. He contends that this failure to warn him prevented him from seeking naturalization and argues that he is entitled to equitable estoppel of his removal. Dexta does not challenge the determination that his federal drug conspiracy conviction is an aggravated felony. Thus, the issue is abandoned. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir. 2003).

On petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Whether the Government should be estopped from bringing a removal proceeding constitutes a question of law that is reviewed de novo. *Robertson-Dewar v. Holder*, 646 F.3d 226, 229 (5th Cir. 2011).

Even assuming arguendo that equitable estoppel is a viable argument in these types of cases,[1] Dexta fails to show that the Government affirmatively misrepresented a fact or affirmatively concealed a fact. *See id.* The statute providing for removal of an alien based on an aggravated felony conviction is available to the public and was not concealed by the Government. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Additionally, Dexta points to no affirmative duty by DHS to inform him of the possibility of removal based on an aggravated felony conviction.[2]

---

[1] In *Robertson-Dewar*, we noted that "we are not called upon to decide whether a court can ever grant equitable estoppel against the government." *Id.* The same is true here.

[2] Dexta relies upon the Second Circuit's decision in *Corniel-Rodriguez v. INS*, 532 F.2d 301 (2d Cir. 1976), for the proposition that a failure to warn of matters that can impact

No. 13-60815

Because Dexta has not established that the Government engaged in affirmative misconduct, he could not possibly be entitled to equitable estoppel. *See Robertson-Dewar*, 646 F.3d at 229-30. The petition for review is DENIED.

---

immigration status supports estoppel against the government. The Second Circuit itself has explained that "[t]he doctrine of equitable estoppel against the government has narrowed substantially since *Corniel-Rodriguez*." *Ahmed v. Holder*, 624 F.3d 150, 155 (2d Cir. 2010). Further, *Corniel-Rodriguez* involved a situation where there was a State Department regulation requiring a specific warning that was not given. 532 F.3d at 303-04. Here, Dexta points to no such requirement. Finally, *Corniel-Rodriguez* involved a change in status stemming from an "innocent violation of the [immigration] Act" in the form of the petitioner marrying her high school sweetheart (therefore rendering her ineligible for a status involving only unmarried people). *Id.* at 306. Her case is nothing like Dexta's, whose act of distributing methamphetamine can hardly be termed "innocent." Whatever its continuing viability, *Corniel-Rodriguez* is wholly inapposite to this case.