Zheng v. Sessions

BIA
Zagzoug, IJ
A200 165 363

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand seventeen.

PRESENT:
>       JON O. NEWMAN,
>       JOHN M. WALKER, JR.,
>       CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

HAILAN ZHENG,
>       *Petitioner,*

> v.                                    16-2785
>                                       NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            Hailan Zheng, Flushing, New York.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant Attorney General Civil Division; Douglas E. Ginsburg, Assistant Director; Jane T. Schaffner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hailan Zheng, a native and citizen of the People's Republic of China, seeks review of a July 12, 2016, decision of the BIA affirming an April 13, 2015, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hailan Zheng,* No. A200 165 363 (B.I.A. July 12, 2016), *aff'g* No. A200 165 363 (Immig. Ct. N.Y. City April 13, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Zheng's petition for review. Zheng has filed her merits brief. Summary denial is warranted only if a petition is frivolous. *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). Although Zheng's petition may not be frivolous, it lacks merit; therefore, we treat the Government's motion as a response to Zheng's brief and deny her petition.

I.   Waiver and Exhaustion

The Government largely argues that Zheng has waived or failed to exhaust challenges to dispositive rulings. We agree

that Zheng has waived review of any challenge to the time bar ruling, i.e., that Zheng failed to show that her asylum application was filed within one year after she arrived in the United States.  8 U.S.C. § 1158(a)(2)(B) (to qualify for asylum, an alien must demonstrate "by clear and convincing evidence" that her asylum application was "filed within 1 year after the date of [her] arrival in the United States"); *Ahmed v. Holder*, 624 F.3d 150, 153 (2d Cir. 2010) ("Issues not briefed on appeal are considered abandoned.").

However, we conclude that Zheng did sufficiently exhaust challenges to the adverse credibility determination.  *See Gill v. INS*, 420 F.3d 82, 85-86 (2d Cir. 2005).  Because that ruling is dispositive of all relief—asylum, withholding of removal, and CAT relief—we decline to further address the Government's exhaustion and waiver arguments.

II.  Adverse Credibility Determination

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).  The agency may, "[c]onsidering the totality

of the circumstances," base an adverse credibility determination on discrepancies between an applicant's oral and written statements and between an applicant's statements and other record evidence, and "any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for [her] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit [her] testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citation omitted). Substantial evidence supports the agency's adverse credibility ruling.

Zheng relied on a letter from her friend Zheng Shunzi ("Shunzi") to corroborate events in China. Zheng's testimony, however, conflicted with this letter in three primary ways and exposed her lack of familiarity with the document. First, Shunzi wrote that Zheng was arrested for spreading the gospel and that she (Shunzi) was also detained, using "we" and "us" to describe their release from prison. But Zheng testified that they were not arrested together because she (Zheng) "was

4

arrested alone at [her] house." When confronted with this discrepancy, Zheng maintained that they were not arrested together and that Shunzi used "us" and "we" "because [they] went to the same church and did the same church activities together." Second, Shunzi wrote that Zheng attended church services and spread the gospel, and that spreading the gospel led to Zheng's arrest. But when asked whether "the only thing [she] did for the church was go to church on Sunday," Zheng replied affirmatively, without mentioning spreading the gospel until later when she replied affirmatively to a question explicitly asking if she had also "spread the gospel" and "distribute[d] fliers to people." Third, Shunzi wrote that Zheng's family church was destroyed after Zheng left China. But when asked about her church, Zheng was unaware that it had been destroyed or that Shunzi had reported that information in her letter, offering only that she did not recall the details of Shunzi's letter and did not know that her church was destroyed because she "lost contact."

These inconsistencies—particularly whether Zheng and Shunzi were arrested together and whether Zheng spread the gospel, which Shunzi connects to Zheng's arrest—are material because they concern the "very persecution from which [Zheng] sought asylum" and, even alone, stand as proper grounds for the

5

agency's adverse credibility determination. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). Zheng attempted to explain her inconsistencies and argues that the agency misconstrued the evidence. However, no reasonable fact-finder would be compelled to credit her explanations, which reflected a lack of familiarity with her own evidence. *Majidi*, 430 F.3d at 80-81. And even if the evidence could be construed in Zheng's favor, the agency was not required to construe it in that way. *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("[R]ecord support for a contrary inference—even on more plausible or natural—does not suggest error.").

In addition to the fatal inconsistencies addressed above, Zheng's credibility was further impugned by the testimony of her pastor. 8 U.S.C. § 1158(b)(1)(B)(ii); *Xiu Xia Lin*, 534 F.3d at 167. Zheng testified that she had attended church every week since coming to the United States. However, her pastor could not confirm that statement because "there were weeks she wasn't able to come to church," although Zheng had recently been attending consistently.

Because Zheng's claim for relief depended on her credibility, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2010).

6

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Zheng's motion for a stay of removal and the Government's motion for summary denial are denied as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk