Singh v. Sessions

BIA
Hom, IJ
A206 443 902

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand eighteen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

FATEH SINGH,
        *Petitioner,*

        v.                                      17-550
                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Dalbir Singh, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Kiley Kane,
                         Senior Litigation Counsel; Lynda A.
                         Do, Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED.

Petitioner Fateh Singh, a native and citizen of India, seeks review of a January 27, 2017, decision of the BIA affirming a September 28, 2015, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fateh Singh,* No. A 206 443 902 (B.I.A. Jan. 27, 2017), *aff'g* No. A 206 443 902 (Immig. Ct. N.Y. City Sept. 28, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v.*

*Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The governing

REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's

credibility determination unless . . . it is plain that no

reasonable fact-finder could make such an adverse credibility

ruling." *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the petitioner alleged persecution by

governmental authorities because of his membership in a pro-

Sikh independence party. He testified in detail that on three

occasions he was arrested, detained, and severely beaten.

These episodes occurred in 2009, 2012, and 2013. The agency

concluded that he was not credible because of what it

considered two inconsistencies in his testimony. The first

concerned his account of the medical treatment he received

after the 2009 and 2012 episodes. The second concerned the source of funds expended on the petitioner's behalf.

Petitioner was first questioned about medical treatment he received after the 2012 episode. He said treatment was provided by a "local doctor" in the village. Certified Administrative Record ("CAR") 143. Then, asked about treatment after the 2009 episode, he said, "I received treatment from the same village doctor." CAR 145. Asked about treatment after the 2013 episode, he said, "I didn't receive any treatment." *Id.* Government counsel confronted petitioner as follows, "Now you just testified after all three beatings you received medical attention from a local village official." CAR 146. The Petitioner answered, "I received treatment two times, not three times." *Id*. When Government counsel persisted, stating, "[Y]ou stated you were treated by the same village helper who treated you in March 2012 and who treated you in November 2013," *id.,* the Petitioner replied, "I said I was treated once by the village doctor." *Id.* Government counsel then said, "Sir, we can replay the tape." *Id*. The IJ then said, "We don't have to." The petitioner clarified that after his first beating, he was treated at a

4

hospital by Dr. J.P. Gupta. Exhibit 3E is a "medical certificate" reporting that Dr. J.P. Gupta from J.P. Surgical Hospital treated Fateh Singh for "lash injuries" on November 2, 2009.

The IJ concluded that there was an inconsistency between the petitioner's stating that he was twice treated by "a pharmacist trained medical person" in a "village facility" and his testimony and an exhibit showing he was treated by Dr. Gupta at a hospital. CAR 66. Although there might be an inconsistency, it is also possible that the IJ was led astray by the questioning of Government counsel, who incorrectly asserted that the petitioner said he received treatment from a local village official on three occasions. The petitioner refuted this incorrect statement of his testimony by asserting that he was treated once by the village doctor and once by Dr. Gupta at a hospital, the latter assertion corroborated by the doctor's certificate.

With respect to funds, the petitioner testified that the money used to pay police officers to secure his release from detention came from people to whom his farming family sold grains and also from a bank. CAR 159. The petitioner testified

5

that the money "to reach here" came from the sale of land that was his but was "on my grandfather's name." *Id*. 161.

The IJ concluded that the petitioner "testified inconsistently that the source of the money that was used to pay for his alleged release was based upon property owned by his grandfather who allegedly sold portions of it to acquire funds used by" the petitioner. CAR 66. The IJ misapprehended what the petitioner had said. He had testified that the land sale funds were used "to reach here," *i.e.*, to enable him to travel to the United States.

In considering the second of the two alleged inconsistencies relied on to find the petitioner not credible, we encounter a threshold matter. With respect to the source of funds, the argument portion of the Government's brief makes no attempt to support the credibility conclusion on the ground of an alleged inconsistency, arguably forfeiting any reliance on that ground. For his part, the petitioner's brief also makes no mention of the alleged discrepancy concerning source of funds, an omission that the Government contends shows he has "waived any challenge to the agency's finding." Br. for Respondent at 18 n.6. The

Government cites *Ahmed v. Holder*, 624 F.3d 150, 153 (2d Cir. 2010), but that decision concerned forfeiture of an entire "ruling," not one of multiple bases for a ruling such as lack of credibility.

Whether or not the omissions from the briefs of both sides would entitle us to deem an argument forfeited by either side, we are not required to do so, and we elect to consider both of the alleged inconsistencies. The matter of the funds is plainly not an inconsistency providing a valid basis for an adverse credibility finding. The IJ simply misunderstood the testimony, an understandable occurrence by a hearing officer obliged to adjudicate several cases in a single day and promptly dictate findings. The matter of the medical treatment is an arguable inconsistency, but rendered uncertain by the misleading questioning of Government counsel. *Cf. Gao v. BIA*, 482 F.3d 122, 129 (2d Cir. 2007) (IJ improperly adopted assumption in cross-examiner's question).

Under all the circumstances, we are left with an insufficient basis to uphold the finding of lack of credibility, and the case must be remanded for a new hearing. *See Jin Chen v. U.S. Dept. of Justice*, 426 F.3d 104, 113 (2d

Cir. 2005) ("[W]e will reverse where [an] adverse credibility determination is based upon . . . an incorrect analysis of the testimony.") (internal quotation marks omitted). At the hearing the details of the source of funds and the providers of medical treatment can be fairly and fully ascertained for such relevance, if any, as they might bear on the credibility of the petitioner's account of his three episodes of persecution.

For the foregoing reasons, the petition for review is GRANTED, ands the case is REMANDED to the BIA so that an IJ may conduct a new hearing. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8