*Espinal v. Sessions*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
>  *Circuit Judges.*

---

RAFAEL ERNESTO ESPINAL,
AKA RAFAEL E. BETANCOURT,

> *Petitioner,*

> v.                                                   No. 17-2678-ag

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

---

FOR PETITIONER:               JM Mariotti, New York, N.Y.

FOR RESPONDENT:               Brendan P. Hogan, Trial Attorney, Office of Immigration Litigation, Civil Division, Chad A. Readler, Assistant Attorney General, Song Park, Senior Litigation Counsel, *for* Jefferson B. Sessions III, United States Attorney General, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Rafael Ernesto Espinal, a native and citizen of the Dominican Republic, seeks review of a July 26, 2017 decision of the BIA dismissing Espinal's appeal of an October 3, 2016, decision of an Immigration Judge ("IJ") ordering his removal and denying his applications for relief from removal. *In re Rafael Ernesto Espinal,* No. A 073 136 517 (B.I.A. July 26, 2017), *aff'g* No. A 073 136 517 (Immig. Ct. N.Y. City Oct. 3, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our jurisdiction to review Espinal's removal order is limited to "constitutional claims or questions of law," which we review *de novo*. 8 U.S.C. § 1252(a)(2)(D); *see id.* § 1252(a)(2)(B), (C); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). To invoke our jurisdiction, such claims must be "colorable." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) ("[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." (citation omitted)). Because the BIA's decision "closely tracks" the IJ's decision, we review both decisions together. *See Richmond v. Holder*, 714 F.3d 725, 728 (2d Cir. 2013) (quoting *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010)).

2

As an initial matter, Espinal argues that the agency erred in sustaining the fraud-or-willful-misrepresentation ground of removability because the record did not reflect that the former Immigration and Naturalization Service rescinded his lawful permanent resident ("LPR") status and because the Government did not prove by clear and convincing evidence that he had intentionally misrepresented a material fact during the adjustment-of-status process. In essence, he argues that he did not need a waiver pursuant to 8 U.S.C. § 1227(a)(1)(H) because, absent proof of fraud, he never lost his LPR status and therefore did not need a waiver to retain it. Regardless of the disposition of that argument, Espinal conceded removability for aggravated felony and controlled substance offenses. Accordingly, he is independently removable on those grounds and requires a waiver under former § 1182(c). *See* 8 U.S.C. §§ 1255(a), 1182(c) (repealed 1996).

Both requested waivers, under §§ 1182(a)(2)(c) (repealed 1996) and 1227(a)(1)(H), are discretionary and involve a two-part analysis. First, the agency assesses an applicant's statutory eligibility for the waiver; second, the agency determines whether to exercise discretion in the applicant's favor. *See Ahmed v. Holder*, 624 F.3d 150, 153-54 (2d Cir. 2010) (per curiam); *Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir. 2006)

3

(per curiam). Unlike the question of eligibility, the exercise of discretion is not reviewable absent an error of law, such as when the agency overlooks facts or mischaracterizes evidence. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009); *see also id.* at 320 (noting that "we lack jurisdiction at the second stage to review the Attorney General's decision to grant or deny relief, made entirely in his discretion"). Because the agency found or assumed statutory eligibility but concluded that Espinal did not merit relief as a matter of discretion, we lack jurisdiction to consider further Espinal's petition absent a constitutional claim or question of law regarding the agency's exercise of discretion.

Espinal argues that the IJ ignored evidence of the equities that weigh positively in his favor, particularly his family ties and gainful employment. The agency commits a legal error if it overlooks facts or mischaracterizes evidence, *id.* at 323, but there is no such error here. The IJ considered the affidavits from Espinal's family, employer, and friends; tax payments; financial and employment records; and children's medical documents. Although Espinal contends that the IJ did not completely and fairly balance those equities against the negative factors, the IJ's weighing and balancing of evidence are precisely the determinations we lack jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Saloum v.*

4

*U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 244 (2d Cir. 2006) (per curiam).

Finally, Espinal's argument that the IJ reached "speculative conclusions" about "uncorroborated allegations" of domestic violence and child abuse "found in medical records dating back to 2009" is a mischaracterization of the record in this case. Espinal submitted the medical evaluation of his son, which identified a history of abuse by Espinal. Moreover, the BIA determined that, even absent this factor, Espinal's "protracted criminal history" supported the IJ's discretionary denial.

For the foregoing reasons, the petition for review is **DISMISSED.**

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

5