Singh v. Barr

BIA
Loprest, IJ
A200 170 125

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand nineteen.

PRESENT:
    PIERRE N. LEVAL,
    GERARD E. LYNCH,
    SUSAN L. CARNEY,
     *Circuit Judges.*
_____

TALWINDER SINGH,
    *Petitioner,*

   v.            **16-1350**
               **NAC**
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.**
_____

FOR PETITIONER:    Karamvir Dahiya, Dahiya Law Offices, LLC, New York, NY.

FOR RESPONDENT:    Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Sabatino F. Leo, Trial Attorney,

---

* The Clerk of Court is directed to amend the case caption to conform to the above.

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Talwinder Singh, a native and citizen of India, seeks review of a March 29, 2016 decision of the BIA affirming a September 15, 2014 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Talwinder Singh,* No. A200 170 125 (B.I.A. Mar. 29, 2016), *aff'g* No. A200 170 125 (Immig. Ct. N.Y. City Sept. 15, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018).

2

<u>Asylum, Withholding of Removal, and CAT Relief</u>

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Wei Sun*, 883 F.3d at 28. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

The IJ reasonably required evidence to corroborate Singh's testimony given that his credibility was questionable and his testimony unpersuasive. *See id.; see also Wei Sun*, 883 F.3d at 28. For example, the record evidence conflicted with Singh's testimony that his father was detained and killed for having been a member of the Akali Dal Mann Party. Singh also made inconsistent statements regarding whether he

3

communicates often with his family in India or avoids doing so because of his continued fear of police. Further, his testimony regarding his alleged arrests and detentions lacked detail.

The IJ did not err in finding that Singh failed to adequately corroborate his claims. Singh did not submit any objective evidence that he was or remains a member of the Akali Dal Mann Party, nor did he submit any evidence to corroborate his testimony that he suffered lacerations on his back from being beaten with a belt during one of his detentions. The only evidence Singh submitted to corroborate his arrests were affidavits from his mother and village leader. Those affidavits, however, did not provide any further details about his arrests. Further, the country conditions evidence that he provided did not corroborate Singh's claim that police continue to target Sikh members of the Akali Dal Mann Party. *See, e.g.*, *Jagtar Singh v. Holder*, 753 F.3d 826, 832-37 (9th Cir. 2014) (concluding that a fundamental change in conditions in India had occurred since the 1980s and early 1990s such that "individuals are unlikely to be persecuted because of their involvement with Sikh separatist groups [like the Akali Dal Mann Party.]").

4

For these reasons, the agency did not err in finding that Singh failed to satisfy his burden of establishing past persecution or a well-founded fear of persecution on account of his political opinion. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Wei Sun*, 883 F.3d at 28. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not reach Singh's challenge to the agency's alternative basis for denying asylum—his failure to timely file his application. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We further note that, on appeal, Singh has abandoned any challenge to the BIA's decision declining to remand for consideration of newly submitted, but previously available evidence. We therefore do not review that decision. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that the Court will not consider issues and claims abandoned in a petitioner's brief).

5

Due Process Claims

We do not consider Singh's unexhausted claim that his due process rights were violated at his hearing by the use of a Punjabi translator who uses the Shahmukhi script, whereas Singh speaks Punjabi but uses the Gurmukhi script. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-24 (2d Cir. 2007) (concluding that exhaustion of administrative remedies is a predicate of the Court's subject matter jurisdiction, while exhaustion of specific issues is mandatory). We note, however, that the transcript reflects that Singh understood the proceedings.

Singh next argues that the IJ violated due process by declining to permit two proposed witnesses to testify at his hearing. In the immigration context, "[t]o establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531

F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). Although a noncitizen has a right to "a reasonable opportunity . . . to present evidence on [his] own behalf," 8 U.S.C. § 1229a(b)(4)(B), "[d]ecisions regarding the appropriate conduct of a hearing and the submission of evidence are committed to the discretion of the immigration judge[,]" *Ahmed v. Holder*, 624 F.3d 150, 156 (2d Cir. 2010) (citing 8 C.F.R. § 1240.1(c)). An IJ abuses his discretion in setting and enforcing deadlines for the submission of evidence when (1) his "decision rests on an error of law . . . or a clearly erroneous factual finding"; or (2) his "decision— though not necessarily the product of legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Dedji v. Mukasey*, 525 F.3d 187, 191-92 (2d Cir. 2008) (quoting *Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006)).

The IJ did not abuse his discretion, much less violate due process, in declining to permit Singh's two proposed witnesses to testify. The IJ acted within his discretion in so doing because, despite having two years to prepare his case, Singh did not submit a witness list before the deadline set by the IJ or before the deadline provided in the

7

Immigration Court Practice Manual. Manual, § 3.1(b)(ii)(A), (d)(ii); *see Dedji*, 525 F.3d at 191-92. Moreover, the witnesses were caught listening to Singh's testimony after having been sequestered. The IJ thus provided Singh a full and fair opportunity to present his witnesses, and he and his witnesses squandered that opportunity. *See Burger*, 498 F.3d at 134. Nor has Singh established any prejudice resulting from the IJ's action: Singh has never identified the witnesses by name, described their proposed testimony in any detail, or submitted their affidavits. *See Garcia-Villeda*, 531 F.3d at 149; *Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994) ("In order . . . to show . . . actual prejudice, [a petitioner] must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

8