Badu v. Garland

BIA
Ruehle, IJ
A074 971 262

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-three.

PRESENT:
    GUIDO CALABRESI,
    DENNY CHIN,
    EUNICE C. LEE,
        *Circuit Judges.*
_____

GABRIEL BADU,

        *Petitioner,*

    v.                                    22-6070

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

        *Respondent.*
_____

FOR PETITIONER:        Gary J. Yerman, The Yerman Group, LLC, New York, NY.

FOR RESPONDENT:        Brian Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Christina R. Zeidan, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Gabriel Badu, a native and citizen of Ghana, seeks review of a January 19, 2022 decision of the BIA, affirming a March 19, 2019 decision of an Immigration Judge ("IJ") denying his applications for a waiver of removability and cancellation of removal. *In re Gabriel Badu*, No. A074 971 262 (B.I.A. Jan. 19, 2022), *aff'g* No. A074 971 262 (Immigr. Ct. Buffalo Mar. 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Badu has abandoned any challenge to the agency's denial of cancellation of removal by not raising that claim in his brief, and thus the only form of relief before us is the denial of his request for a fraud waiver under 8 U.S.C. § 1227(a)(1)(H). *See Ahmed v. Holder*, 624 F.3d 150, 153 (2d Cir. 2010) (per curiam). Our jurisdiction to review the agency's denial of a discretionary fraud waiver is limited to "colorable constitutional claims or questions of law." *Ahmed*, 624 F.3d at 154 (quoting *Bugayong v.*

2

*INS*, 442 F.3d 67, 68 (2d Cir. 2006) (per curiam)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii), (D). Badu raises no colorable claim over which we have jurisdiction.

Under § 1227(a)(1)(H), the agency may waive a non-citizen's misrepresentations if he is the parent of a U.S. citizen and was otherwise admissible. If the non-citizen is statutorily eligible for a waiver, the agency must decide whether to exercise discretion favorably. *In re Tijam*, 22 I. & N. Dec. 408, 412 (B.I.A. 1998). In doing so, the agency balances the non-citizen's "undesirability as a permanent resident with the social and humane considerations present to determine whether a grant of relief is in the best interests of this country." *Id.* Negative factors include the nature of the fraud or bad character of the non-citizen; positive factors include the non-citizen's ties to the United States or "evidence of hardship to the [non-citizen] or her family if deportation occurs." *Id.*

Badu argues that the agency mischaracterized his misrepresentations in the immigration context as a pattern of fraud, failed to account for his remorse, and improperly noted misrepresentations made outside the immigration context. Although the agency errs as a matter of law when it "totally overlook[s]" or "seriously mischaracterize[s]" important facts relating to the discretionary determination, *Mendez v. Holder*, 566 F.3d 316, 323

3

(2d Cir. 2009) (per curiam), Badu's arguments are "best characterized . . . as a disagreement with the outcome of a lawful exercise of discretion" over which we lack "jurisdiction," *Ahmed*, 624 F.3d at 154.

Badu entered the United States in 1991 by presenting himself as a citizen of Liberia whose family members had been killed. The agency did not err in finding a pattern of misrepresentations following this initial fraud because Badu continued to make misrepresentations for years: He applied for asylum using his false Liberian identity one month after his entry; he failed to disclose his Liberian identity when applying for adjustment of status as a Ghanaian in 1995; and he signed his fraudulent asylum application at an asylum interview in 1998. *See Tijam*, 22 I. & N. Dec. at 415-17; *see also INS v. Yueh-Shaio Yang*, 519 U.S. 26, 32 (1996) ("It is assuredly rational, and therefore lawful, for [the Attorney General] to distinguish aliens . . . who engage in a pattern of immigration fraud from [non-citizens] who commit a single, isolated act of misrepresentation.").

Further, contrary to Badu's arguments, the agency acknowledged his expression of remorse, reasonably noted his use of his false identity outside the immigration context, and considered his lengthy ties and residence in the United States as positive factors. *See Tijam*, 22 I. & N. Dec. at 412. The BIA did

4

not engage in improper factfinding because it agreed with the IJ that Badu's misrepresentations constituted a pattern of fraud and noted, as the IJ had, that Badu continued to pursue his false asylum application after he adjusted status using a different identity. *See* 8 C.F.R. § 1003.1(d)(3)(i) ("Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.").

Badu has not raised a colorable constitutional claim or question of law regarding the agency's denial of a fraud waiver, and we lack jurisdiction to further review the agency's factfinding and balancing of factors. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Ahmed*, 624 F.3d at 153–54; *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010) (per curiam) (holding "argument that the IJ balanced improperly those factors that the IJ could consider" was unreviewable).

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5