Li v. Sessions

BIA
Wright, IJ
A200 923 678

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand seventeen.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

JIN LI,
> *Petitioner,*

> v.                                              16-380
>                                                 NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Office of Michael
                         Brown, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney
                         General; Anthony P. Nicastro,
                         Assistant Director; Sabatino F.
                         Leo, Trial Attorney,  Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART AND DENIED IN PART.

Petitioner Jin Li, a native and citizen of China, seeks review of a January 20, 2016, decision of the BIA affirming a November 14, 2012, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Li,* No. A200 923 678 (B.I.A. Jan. 20, 2016), *aff'g* No. A200 923 678 (Immig. Ct. N.Y. City Nov. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 194, 196 (2d Cir. 2009).

2

## I. Asylum

Absent changed or extraordinary circumstances, an asylum application must be filed within one year of an applicant's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B), (D). We generally lack jurisdiction to review the denial of asylum as untimely or the agency's findings regarding changed or extraordinary circumstances. We do have jurisdiction, however, to review "constitutional claims or questions of law." *Id.* §§ 1158(a)(3), 1252(a)(2)(D); *Gui Yin Liu v. INS*, 508 F.3d 716, 720-21 (2d Cir. 2007).

The agency found that Li's evidence was insufficient to establish his arrival in the United States within one year of his filing his asylum application. We lack jurisdiction to review that finding and therefore dismiss that part of the petition challenging the agency's denial of Li's asylum application as being untimely. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

## II. Withholding of Removal and CAT Relief

The agency denied Li's application for withholding of removal and CAT relief based on his inability to corroborate his claims. The IJ did not err in refusing to allow the testimony of Li's additional witnesses. "Decisions regarding

3

the appropriate conduct of a hearing and the submission of evidence are committed to the discretion of the immigration judge." *Ahmed v. Holder*, 624 F.3d 150, 156 (2d Cir. 2010); *see* 8 C.F.R. § 1240.1(c). Li conceded that he did not timely provide his witness list. *See* Immigration Court Practice Manual § 3.1(b)(ii)(A). Nonetheless, Li was not prejudiced by the exclusion of his witnesses because the IJ offered to adjourn the hearing to give Li the opportunity to present his witnesses after proper notice, and Li declined that offer. Despite Li's assertions otherwise, he never proffered his brother as a witness—he only asked that his brother's untimely affidavit be given extra weight because he was present and could have been cross examined.

Moreover, it was not unreasonable for the IJ to require Li to corroborate his claims. "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). "Where the trier of fact determines that the applicant should provide evidence that corroborates

4

otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.; see also Chuilu Liu*, 575 F.3d at 197. Generally, an IJ should identify specific pieces of missing documentation, explain why the documentation was reasonably available, provide the alien with an opportunity to explain the omission, and assess the explanation that is given. *Chuilu Liu*, 575 F.3d at 198. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Here, the IJ found that Li had not corroborated that he had attended church in China. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). The only evidence Li provided to corroborate his church attendance in China was a form letter that bore a date that was inconsistent with Li's testimony. Li's explanations for the inconsistency were not compelling. It was not unreasonable for the IJ to give the letter diminished weight. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005); *see also Xiao Ji Chen*, 471 F.3d at 342. It was also

5

reasonable for the agency to question Li's failure to call his brother as a witness or to offer his brother's affidavit in evidence. Li testified that his brother would have been able to corroborate the events that occurred in China and Li's continuing practice of Christianity in the United States. The IJ specifically identified the type of corroboration that might have adequately supplemented Li's testimony, and Li was given a sufficient opportunity to respond, *Chuilu Liu*, 575 F.3d at 198, including the offer to adjourn, described above, which Li declined. For those reasons, the agency did not err in denying, for lack of corroboration, Li's application for withholding of removal and CAT relief. *Id.* at 198-99; *see also Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). Having affirmed the BIA on this basis, it is unnecessary to consider the BIA's additional finding that Li failed to demonstrate that the mistreatment he experienced rose to the level of persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

**III. Due Process**

Aliens in removal proceedings are entitled to due process, *Morgan v. Gonzales*, 445 F.3d 549, 552 (2d Cir. 2006); that right is violated when an alien is "denied a full and fair opportunity to present [his] claims or [when] the IJ or BIA otherwise

6

deprive[] [him] of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

Li argues that the IJ's exclusion of his additional witnesses deprived him of due process. As explained above, however, Li cannot show he was denied a full and fair opportunity to present his claims. He declined the IJ's offer of an adjournment that would have allowed him to present his witnesses, and Li never proffered his brother as a witness.

For the foregoing reasons, the petition for review is DISMISSED in part as to the agency's denial of asylum as untimely and DENIED in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7