17-582-ag
*Yanney v. Sessions*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the twentieth of April, two thousand eighteen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

PHYLLIS YANNEY,

        *Petitioner,*                                        17-582-ag

        v.

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONER:** | James A. Welcome, Waterbury, CT. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General, Civil Division, Keith I. McManus, Assistant Director, John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

Petition for review of a February 2, 2017 order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Phyllis Yanney, a native and citizen of Ghana, seeks review of a February 2, 2017, decision of the Board of Immigration Appeals ("BIA") affirming a September 23, 2015, decision of an immigration judge ("IJ") ordering her removed to Ghana and denying a waiver of inadmissibility. *In re Phyllis Yanney*, No. A099 200 514 (B.I.A. Feb. 2, 2017), *aff'g* No. A099 200 514 (Immig. Ct. Hartford Sept. 23, 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). When reviewing a discretionary denial of a waiver under 8 U.S.C. § 1227(a)(1)(H), our jurisdiction is limited to constitutional claims and questions of law, which we review *de novo*. *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); *Ahmed v. Holder*, 624 F.3d 150, 153-54 (2d Cir. 2010); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). To invoke our jurisdiction, however, such a claim must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We discern no such claims here.

Yanney argues that the IJ erroneously applied a heightened "'extreme hardship' standard," Yenney Brief at 17, and failed to apply the balancing test described in *In re Tijam*, which requires weighing "an alien's undesirability as a permanent resident with the social and humane considerations present to determine whether a grant of relief is in the best interests of this country." *In re Tijam*, 22 I. & N. Dec. 408, 412 (B.I.A. 1998). Although application of an incorrect legal standard may raise a question of law, *Gui Yin Liu v. INS*, 508 F.3d 716, 721-22 (2d Cir. 2007), even assuming error by the IJ, the BIA reviewed the IJ's exercise of discretion *de novo* and applied the *Tijam* standard, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (reiterating that "we may consider only those issues that formed the basis for [the BIA's] decision.").

Yanney also argues that the IJ ignored evidence of her children's hardship and her emotional strain relating to her separation from her husband. Although the agency may err as a matter of law when it "totally overlook[s]" or "seriously mischaracterize[s]" important facts relating to the discretionary determination, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), Yanney does not identify what evidence was overlooked and the record reflects that the agency considered all of the evidence, *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159 n.13 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence . . . , unless the record compellingly suggests otherwise."). The IJ explicitly discussed whether Yanney's children will have support if they accompanied their mother to Ghana. Yanney did not offer any evidence of effects on her children's health and education. *See* 8 U.S.C. § 1229a(c)(4)(A)(ii) (placing burden on applicant to show that she "merits a favorable exercise of discretion"); *In re Tijam*, 22 I. & N. Dec. at 412 (same). And the IJ considered Yanney's testimony about her relationship with her husband, including their inconsistent testimony about the circumstances of their separation. Because there is no support in the record for Yanney's contention that evidence was ignored, she has not alleged a colorable question of law. *See Saloum v. U.S. Citizenship & Immig. Servs.*, 437 F.3d 238, 244 (2d Cir. 2006) (holding that argument

that IJ "failed to explicitly consider certain evidence" is "nothing more than an argument that the IJ abused his discretion, a matter over which we have no jurisdiction" (internal quotation marks omitted)).

## CONCLUSION

We have reviewed all of the arguments raised by petitioner in support of our jurisdiction to entertain this petition for review and find them to be without merit. For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk